## Houghton's Estate.

Argued March 19, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*A. D. P. Miller,* for appellant.

*John A. Metz,* for appellee.

PER CURIAM, April 13, 1931:

Annie V. Houghton died January 9, 1929; letters of administration on her estate were granted January 18, 1929, to Margaret A. Marshall, appellant here, who, with two others, filed with the register of wills a caveat against the probate of any testamentary writing as the will of decedent. On January 25, 1929, there was offered for probate a will with decedent's name attached, dated June 24, 1927, in which Lyda Trimble was named as executrix. On December 20th of that year, Lyda Trimble, named as executrix in the will referred to, petitioned the register of wills of Allegheny County to revoke the letters of administration issued to Margaret A. Marshall and issue letters testamentary to petitioner. The controversy was certified to the orphans' court, which, after hearing, refused an issue devisavit vel non to determine the questions of undue influence and mental capacity of decedent, ordered that the letters of administration issued to Margaret A. Marshall be surrendered, the will of decedent admitted to probate, and letters testamentary issued thereon. The appeal before us is from the overruling of exceptions to this order.

Appellant alleges the court below abused its discretion in refusing an issue devisavit vel non. The court however, after careful consideration of all the testimony, stated that it saw nothing to warrant the granting of such issue, and we agree with this conclusion. The record totally fails to disclose undue influence of any character tending to induce decedent to execute the will objected to. On the question of mental capacity, the testimony opposing evidence offered by appellant's witnesses was so positive and satisfying it could not be disregarded. Decedent's physician, who was also her neighbor, visiting her socially and attending her professionally for many years, testified her mental condition was normal in June, 1927, and that she had at that time capacity to make a will. The attorney, a reputable member of this bar for thirty-five years, who prepared the will after receiving instructions from Mrs. Houghton, testified that at the time of executing the writing she was of sound mind and capable of making a will. This testimony was supplemented by that of neighbors and intimate friends, to the effect that they saw decedent frequently, conversed with her, that her mind in June, 1927, was not impaired and that she was capable of making a valid disposition of her property. See Minnig's Est., 300 Pa. 435, 439; Aggas v. Munnell et al., 302 Pa. 78.

The court below was correct in refusing an issue d. v. n. and ordering the will probated.

The decree is affirmed at cost of appellant.